**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.S.,<br>*Plaintiff*,<br>v.<br>Shree Laxmi Hotel, LLC d/b/a Motel 6; Trinity SNK Corporation f/k/a Global Management & Investment Corporation; and John Does #2-5,<br>*Defendants*. | Civil Action File No.<br>____________________ |

## Notice of Removal

Defendants Shree Laxmi Hotel, LLC and Trinity SNK Corporation[1] hereby submit this Notice of Removal of the action referenced herein from the State Court of Clayton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, and state as follows:

1.

Shree Laxmi and Trinity are defendants in a civil action pending in the State Court of Clayton County, Georgia styled *J.S. v. Shree Laxmi Hotel, LLC d/b/a Motel 6; Trinity SNK Corporation f/k/a Global Management & Investment Corporation; and John Does #2–5*, Civil Action File No.

[1] Shree Laxmi Hotel, LLC and Trinity SNK Corporation are referred to herein as "Shree Laxmi" and "Trinity," respectively, and collectively as "Defendants."

2025CV06704 (the "Action").[2] Plaintiff commenced the Action by filing her Complaint in the State Court of Clayton County, Georgia on September 16, 2025. As set forth below, the Action first became removable upon Plaintiff's filing of her Second Amended Complaint on February 19, 2026. Accordingly, this Notice of Removal is timely.

2.

Attached hereto and made a part hereof as Exhibits are:

| **Exhibit** | **Description** |
|---|---|
| **A** | Complaint naming Shree Laxmi and John Does 1-5 filed by Plaintiff in the State Court of Clayton County on September 16, 2025. |
| **B** | Summons to Shree Laxmi issued by the Clerk of the State Court of Clayton County on September 16, 2025. |
| **C** | Summons to John Does 1-5 issued by the Clerk of the State Court of Clayton County on September 16, 2025. |
| **D** | Plaintiff's Motion for Protective Order and Leave to Proceed via Initials with Brief in Support filed by Plaintiff in the State Court of Clayton County on October 3, 2025. |

[2] Plaintiff also names "John Does #2–5," whom the Second Amended Complaint describes generally as unidentified "commercial business(es) and/or individual(s) engaged in operation, control, management, or provision of contracting services at the premises." (Ex. M ¶10.) The Second Amended Complaint contains no factual allegations from which the identities of these defendants could be ascertained.

| **Exhibit** | **Description** |
|---|---|
| **E** | First Amended Complaint adding Trinity filed by Plaintiff in the State Court of Clayton County on September 22, 2025. |
| **F** | Summons to Trinity issued by the Clerk of the State Court of Clayton County on September 22, 2025. |
| **G** | Joint Stipulation of Extension of Time to Answer First Amended Complaint filed in the State Court of Clayton County on October 8, 2025. |
| **H** | Protective Order allowing Plaintiff to proceed under her initials entered by the State Court of Clayton County on October 8, 2025. |
| **I** | Shree Laxmi's Answer to Plaintiff's original Complaint filed in the State Court of Clayton County on October 29, 2025 |
| **J** | Shree Laxmi's and Trinity's Answer to First Amended Complaint filed in the State Court of Clayton County on October 29, 2025. |
| **K** | Consent Motion for Entry of Protective Order Governing Evidence filed in the State Court of Clayton County on October 30, 2025. |
| **L** | Protective Order to Expedite Discovery entered by the State Court of Clayton County on November 20, 2025. |

| Exhibit | Description |
| --- | --- |
| **M** | Second Amended Complaint filed in the State Court of Clayton County on February 19, 2026. |
| **N** | 1st Consent Motion to Extend Fact Discovery through October 29, 2026 filed in the State Court of Clayton County on March 9, 2026.[3] |

3.

These Exhibits are copies of all process, pleadings, and orders[4] in the action pending in the State Court of Clayton County, Georgia.

4.

On February 19, 2026, Plaintiff filed her Second Amended Complaint, which, for the first time, asserts a federal civil claim, specifically one under the beneficiary provision of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a). [5] This Court has

[3] The state court has not ruled upon this Motion to date. But, given removal and the application of the Federal Rules and this Court's Local Rules, this Motion should be mooted.

[4] Although not expressly required by 28 U.S.C. § 1446, Exhibits D, G, K, and N are submitted in the interest of completeness so that the Court has a full record of the pertinent state-court filings.

In addition to Exhibits A–N, the state court docket contains discovery requests and other non-pleading materials. Because such materials are not "process, pleadings, or orders," they are not attached. *See* Fed. R. Civ. P. 7(a).

[5] In the Second Amended Complaint, Plaintiff purports to assert this claim under the civil beneficiary provision of the TVPRA, 18 U.S.C. § 1595(a), alleging that Defendants "knowingly benefited" from her alleged trafficking, "participated in a common undertaking involving risk or profit with [her] traffickers," that the

jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's Second Amended Complaint raises a federal question.[6]

5.

Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days of Defendants' receipt of the amended pleading that first rendered this action removable.[7]

6.

In addition to the federal TVPRA claim, Plaintiff's Second Amended Complaint carries forward state-law claims for premises liability, nuisance, and a violation of O.C.G.A. § 51-1-56. This Court has

---

traffickers' undertaking with Defendants violated the TVPRA as to Plaintiff, and that Defendants had constructive knowledge that Plaintiff "was being trafficked for sex at the property." (*See* Ex. M ¶¶ 52b–52d, 52f.) The addition of this cause of action in the Second Amended Complaint is the first appearance of a cause of action arising under federal law and thus provides the first basis to remove to this Court under this Court's federal question jurisdiction.

[6] Plaintiff's original Complaint and First Amended Complaint asserted only state-law causes of action, including negligence, nuisance, and a claim under O.C.G.A. § 51-1-56. Neither pleading asserted any claim arising under federal law. The Second Amended Complaint is the first pleading to assert a federal cause of action.

[7] The Second Amended Complaint was served on Defendants through use of the State Court of Clayton County's online filing system, which provided notice and a copy of the Second Amended Complaint on February 19, 2026, the day it was filed. Thus, February 19, 2026 was the first date on which this case became removable under 28 U.S.C. §§ 1331 and 1441.

The 30th day following February 19, 2026 fell on Saturday, March 21. Under Fed. R. Civ. P. 6(a)(1), the 30-day period is extended to Monday, March 23, 2026. *See* Fed. R. Civ. P. 6(a)(1)(C) (time limit to act extended to first accessible day after a Saturday, Sunday, or legal holiday, if last day of period falls on one of those days); *Bivins v. Nationstar Mortg., LLC*, No. 1:16-cv-302-WSD, 2016 U.S. Dist. LEXIS 91859, at *6 (N.D. Ga. July 14, 2016) (explaining that removal period extended to Monday following the 30th day that fell on a Saturday). Thus, the Notice of Removal is timely filed.

supplemental jurisdiction over those state-law claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same case or controversy as the federal TVPRA claim. *See Hayes v. Bank of N.Y. Mellon*, No. 1:14-CV-00338-TWT-LTW, 2014 U.S. Dist. LEXIS 109134, at *4 (N.D. Ga. June 30, 2014) (a federal court may exercise supplemental jurisdiction over state-law claims that are part of the same case or controversy as the federal claims).

7.

Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) because the State Court of Clayton County, where this Action was pending, is located within the Northern District of Georgia, Atlanta Division.

8.

Defendants have not filed an Answer to Plaintiff's Second Amended Complaint in the State Court of Clayton County. Under Georgia practice, no additional responsive pleading was required. *See* O.C.G.A. § 9-11-15(a). Upon removal, Defendants will respond to the Second Amended Complaint within the time permitted by Fed. R. Civ. P. 81(c)(2).

WHEREFORE, Defendants Shree Laxmi Hotel, LLC and Trinity SNK Corporation ask that this Notice of Removal be filed, that said action be removed to and proceed in this Court, and that no further proceedings be had in the State Court of Clayton County, Georgia.

Respectfully submitted this 23rd day of March 2026.

**Hawkins Parnell & Young, LLP**

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
Robert S. Thompson
Georgia Bar No. 709650
*Counsel for Defendants*
*Shree Laxmi Hotel, LLC and*
*Trinity SNK Corporation*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
skeith@hpylaw.com
rthompson@hpylaw.com

**Certificate of Service**

This certifies that on this 23rd day of March 2026, my office served counsel for Plaintiff in this case with the foregoing *Notice of Removal (with Exhibits A-N, Declaration of Compliance with 28 U.S.C. § 1446(d), and Notice of Removal (filed in the State Court of Clayton County))* by placing copies in the U.S. Mail in an envelope with sufficient postage to ensure delivery, addressed as follows:

Matthew B. Stoddard
Keith N. Evra
THE STODDARD FIRM
1534 North Decatur Road
Atlanta, Georgia 30307

**Hawkins Parnell & Young, LLP**

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
Robert S. Thompson
Georgia Bar No. 709650
*Counsel for Defendants*
*Shree Laxmi Hotel, LLC and*
*Trinity SNK Corporation*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
skeith@hpylaw.com
rthompson@hpylaw.com