# Exhibit D

Plaintiff's Motion for Protective Order and Leave to Proceed via Initials with Brief in Support filed by Plaintiff in the State Court of Clayton County on October 3, 2025

2025CV06704
e-Filed 9/16/2025 12:43 PM
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Cornelia Ramsey

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| J.S., | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO.: 2025CV06704 |
| | : | |
| SHREE LAXMI HOTEL, LLC D/B/A MOTEL 6; | : | |
| AND JOHN DOES #1-5, | : | |
| | : | |
| *Defendant*. | : | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**
**AND LEAVE TO PROCEED VIA INITIALS WITH BRIEF IN SUPPORT**

Matthew B. Stoddard, Esq.
Keith N. Evra, Esq.
THE STODDARD FIRM
1534 N Decatur Road NE
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
Matt@legalhelpga.com
Keith@legalhelpga.com

**Attorneys for Plaintiff**

2025CV06704

## INTRODUCTION

Plaintiff requests permission to bring this action anonymously and for Defendant to be ordered to keep Plaintiff's identity confidential throughout the discovery process and until the Court further addresses the issue with the benefit of a full record. Regardless of the outcome of this motion, Plaintiff agrees to disclose her name to the Defendant to avoid any prejudice.

## FACTS

Plaintiff was a minor victim of sex trafficking. Given the intimate and private nature of the information Plaintiff must disclose over the course of this case, and based on advice of her counsel, Plaintiff does not wish to be publicly identified as a minor sex trafficking victim to avoid further trauma.

## ARGUMENT

While parties to a lawsuit generally identify themselves in the pleadings, there are some circumstances that allow a Plaintiff to proceed anonymously. *Compare* O.G.C.A. § 9-11-10(a) *with Doe v. Archdiocese of Atlanta*, 328 Ga. App. 324 (2014).

Those circumstances include when the Plaintiff shows "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Hall*, 260 Ga. App. 421, 423 (2003). The court can consider many factors when evaluating whether a plaintiff has shown that she has such a right including (1) whether the lawsuit involves "matters of sensitive and highly personal nature"; (2) whether the plaintiff or an innocent non-party risks suffering physical or psychological harm if the plaintiff is identified, taking into consideration the age of the plaintiff; and (3) whether the plaintiff's anonymity imposes a risk of fundamental unfairness to the opposing party. *See Doe v. Archdiocese of Atlanta*, 328 Ga. App. 324, 331 (2014).

2025CV06704

Although not bound by federal and other state courts, the Georgia Court of Appeals recognizes the "considerable body of precedent…that claims predicated upon allegations of childhood sexual abuse may invoke a privacy interest so great as to warrant … [a] plaintiff to litigate using a pseudonym." *Id. at* 330-31. "In evaluating whether a plaintiff has shown that [s]he has such a right, the court should carefully review ***all*** the circumstances of a given case. . ." and determine whether denying the motion would require the Plaintiff "to disclose information of utmost intimacy." *Plaintiff B.*, 631 F.3d 1310, 1316 (11th Cir. 2011) (emphasis added). The court cannot review ***all*** the circumstances at this stage because there is not a full record.

This case is closely analogous to *Plaintiff B. v. Francis*, 631 F.3d 1310 (11th Cir. 2011) – commonly referred to as the "Girls Gone Wild" case.

In *Francis*, four women sued the defendant for producing, marketing, and selling "Girls Gone Wild" DVDs that showed the women engaging in leud sexual acts prior to their eighteenth birthdays. The women used pseudonyms in the complaint and moved to remain anonymous. The Court granted the motion and noted that it would revisit the issue before trial. **That is the exact relief Plaintiff seeks here**.

One year later, the plaintiff's filed a motion to preserve their anonymity during trial, but the media intervened and opposed the motion. The district court denied the motion (agreeing with the media) but stayed the case while the Plaintiffs appealed. At this point, the parties had developed a substantial trial court record – **a stage that the parties have reached here.**

Similar to *Francis*, The Georgia Court of Appeals reversed and held that the law permits a court to limit or prohibit public access when the record established the potential for harm from disclosure to a plaintiff outweighed the presumption of openness in judicial proceedings and any harm that anonymity might cause the defendant. *See Doe v. Archdiocese of Atlanta, supra.*

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court proceed similarly to the appellate court in Doe and the district court in *Francis* and enter an order allowing the Plaintiffs to proceed anonymously until further order of this Court so that the parties can establish a record on the issue of whether the potential harm the victims would suffer from disclosure outweighs the presumption of openness to the public and harm to the Defendant.

This 16th day of September, 2025.

*/s/ Keith N. Evra*
Matthew B. Stoddard
Ga. Bar No.: 558215
Keith N. Evra
Ga. Bar No.: 810271
THE STODDARD FIRM
1534 N Decatur Road
Atlanta, GA 30307
P: 470-467-2200
matt@legalhelpga.com
keith@legalhelpga.com
**Attorneys for Plaintiff**

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

J.S.,

*Plaintiff*,

v.

SHREE LAXMI HOTEL, LLC D/B/A MOTEL 6; AND JOHN DOES #1-5,

*Defendant*.

CIVIL ACTION
FILE NO.: _______________

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED VIA INITIALS**

This case comes before the Court on Plaintiff's Motion for Protective Order and Leave to Proceed Via Initials. The Court finds that Plaintiff's privacy and safety interests outweigh the public's interest in knowing Plaintiff's identity.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Protective Order and Leave to Proceed Via Initials is **GRANTED**. The Court hereby **Orders** that all material, documents, pleadings, exhibits, and evidence of any kind filed in this case shall refer to Plaintiff as J.S. with no other identifying information.

**IT IS SO ORDERED** this ____ day of ________, 2025.

_______________________________________
CLAYTON COUNTY STATE COURT

Prepared By:

*/s/ Keith N. Evra*
Matthew B. Stoddard, Esq.
Keith N. Evra, Esq.

THE STODDARD FIRM
1534 N Decatur Road NE
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
Matt@legalhelpga.com
Keith@legalhelpga.com
**Attorneys for Plaintiff**