# Exhibit I

Shree Laxmi's Answer to Plaintiff's original Complaint filed in the State Court of Clayton County on October 29, 2025

2025CV06704
e-Filed 10/29/2025 5:57 PM
Tiki Brown
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Adazel Sheleysorto

**IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

J.S.

*Plaintiff,*

v.

SHREE LAXMI HOTEL, LLC D/B/A MOTEL 6; TRINITY SNK CORPORATION F/K/A GLOBAL MANAGEMENT & INVESTMENT CORPORATION, and JOHN DOES NOS. 2-5,

*Defendants.*

CIVIL ACTION
FILE NO. 2025CV06704

**DEFENDANT SHREE LAXMI HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

**COMES NOW** Shree Laxmi Hotel, LLC a Defendant in the above-referenced matter, and files their timely Answer to Plaintiff's Complaint[1], stating as follows:

**FIRST DEFENSE**

The Complaint does not plausibly allege facts sufficient to infer that Defendant knew or should have known of alleged sex trafficking at the Motel 6, of the alleged sex trafficking of Plaintiff at the Motel 6 or that Defendant participated in a sex trafficking venture.

[1] Plaintiff originally filed her Complaint against only Shree Laxmi Hotel, LLC on September 16, 2025. Thereafter, on September 22, 2025, before any defendant had filed an Answer, Plaintiff filed a First Amended Complaint adding Global as a defendant, the filing of which superseded her original Complaint as it did not merely incorporate or rely upon the allegations made in her original Complaint. Regardless, on October 8, 2025, Plaintiff filed a stipulation extending the time for Defendants to file responsive pleadings to Plaintiff's Complaint and Plaintiff's Amended Complaint through October 29, 2025.

**SECOND DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Some or all of Plaintiff's claims, including, but not limited to, her purported claims under Georgia premises liability, and nuisance law, are barred by the applicable statutes of limitations.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrines of acquiescence, waiver, unclean hands, estoppel, and/or laches.

**FIFTH DEFENSE**

To the extent any Plaintiff has settled or compromised any of her claims, such claims are barred by accord and satisfaction.

**SIXTH DEFENSE**

To the extent that Plaintiff failed to exercise reasonable care for her own safety or wellbeing, the doctrines of comparative negligence, contributory negligence and apportionment of damages are or may be applicable in this matter.

**SEVENTH DEFENSE**

Plaintiff's injuries were the result of the conduct of persons or entities over whom Defendant had no control, responsibility or authority. Defendant neither directed, participated in, nor had knowledge of these alleged acts, which were solely within the control of third parties. Therefore, any liability or recovery against Defendant is improper, as Defendant is not responsible for the conduct of others who may have contributed to Plaintiff's alleged harm.

**EIGHTH DEFENSE**

Defendant's conduct did not evidence willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**NINTH DEFENSE**

The acts or omissions of Plaintiff may have caused or contributed to the injuries and damages Plaintiff claims in this action.

**TENTH DEFENSE**

To the extent Plaintiff was trafficked for sex as alleged in her Complaint, the actions of her trafficker(s) and his/their "associates" and the "various 'Johns'" were the proximate cause of her damages, and they are wholly responsible for her damages.

**ELEVENTH DEFENSE**

Plaintiff has failed to join required and indispensable parties, including but not limited to the owner(s), occupier(s), and/or operator(s) of any other real property where Plaintiff was subjected to sex trafficking and other places Plaintiff was taken to for such actions and the individuals who in fact trafficked Plaintiff and subjected her to sex trafficking.

**TWELFTH DEFENSE**

The proximate cause of Plaintiff's alleged injuries and/or damages was the result of the intervening intentional acts, criminal acts, and/or negligence of third parties, including but not limited to that of Plaintiff's alleged trafficker Trey, over whom Defendant had no control, direction or prior notice.

2025CV06704

## THIRTEENTH DEFENSE

The intentional acts, criminal acts, and/or negligence of Plaintiff's alleged trafficker(s), including but not limited to that of Plaintiff's alleged trafficker "Tay", and his/their "associates" and the "various 'Johns'" and other third parties who allegedly subjected Plaintiff to sex trafficking were not reasonably foreseeable to Defendants.

## FOURTEENTH DEFENSE

Defendant states that the provisions of O.C.G.A. § 51-12-33 apply in this matter, and that the following persons contributed to Plaintiff's alleged injuries and/or damages such that they too are wholly or partially at fault:

**"Tay"** (last known address unknown but who is an individual alleged to have subjected Plaintiff to sex trafficking). "Tay" is wholly or partially at fault for Plaintiff's claimed injuries and/or damages. This designation is based upon the fact that in her Complaint, Plaintiff specifically alleges that in 2017, Plaintiff was seventeen years old and was introduced to an older man named "Tay" who began selling Plaintiff for sex and kept all of the commercial sex proceeds.

Pursuant to O.C.G.A. § 51-12-33(f), Defendant identifies and designates the above-listed individual(s) and non-parties as non-parties who are wholly or partially at fault for the incident that forms the basis of Plaintiff's lawsuit and whose intentional, negligent, or reckless actions were the proximate cause of Plaintiff's damages. The above-listed and designated persons, entities, and non-parties, and potentially others, were the persons who trafficked Plaintiff over the time period as alleged in Plaintiff's Complaint, those who participated in the complained-of sexual activities and those that assisted or facilitated her alleged

trafficker(s). Accordingly, at any trial of this matter, the jury will be authorized to find that the negligence, intentional conduct, or fault of the above-listed individuals and entities and designated persons, entities and non-parties proximately caused or contributed to cause Plaintiff's claimed injuries and damages and apportion fault for Plaintiff's claimed injuries and damages to such persons pursuant to O.C.G.A. § 51-12-33. Defendant reserves the right to contend at trial that Plaintiff's claimed injuries or damages in this case resulted from the negligence, intentional conduct, or fault of the foregoing non-parties and to seek apportionment of fault by the jury to such non-parties.

**FIFTEENTH DEFENSE**

Any award of punitive or exemplary damages to Plaintiff in this case would violate the constitutional safeguards provided to Defendants under the Constitutions of the State of Georgia and of the United States of America.

**SIXTEENTH DEFENSE**

Any award of punitive or exemplary damages to Plaintiff would be arbitrary, unreasonable, excessive, and fundamentally unfair, vague, and not rationally related to legitimate government interests in violation of Defendant's right to due process and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and under the Constitution of the State of Georgia.

**SEVENTEENTH DEFENSE**

Any award of punitive damages would violate the procedural safeguards guaranteed under the Sixth Amendment to the Constitutions of the United States and the State of Georgia in that punitive damages are penal in nature and,

consequently, Defendant is entitled to all those procedural safeguards afforded criminal defendants.

**EIGHTEENTH DEFENSE**

Plaintiff's claim for attorney's fees and expenses of litigation is not properly pleaded, such allegation fails to state a claim on which relief may be granted, and Plaintiff is not entitled to recover any attorney's fees or expenses of litigation from Defendant in any amount under any theory.

**NINETEENTH DEFENSE**

Defendant did not act or fail to act in bad faith with respect to the transaction out of which Plaintiff's cause of action allegedly arose, and, as such, Plaintiff is not entitled to recover any attorney's fees or expenses of litigation from Defendants in any amount.

**TWENTIETH DEFENSE**

Plaintiff's premises liability claims fail as a matter of law as Plaintiff was not an invitee of Defendant when it is alleged Plaintiff was injured and/or damaged.

**TWENTY-FIRST DEFENSE**

To the extent that Plaintiff engaged in unlawful conduct or was involved in actions prohibited by law, her claims are void for illegality. Defendant asserts that any alleged harm arising from illegal activities cannot be the basis for recovery, and this defense bars Plaintiff's claims. Enforcing a claim predicated on unlawful activity would be contrary to public policy.

**TWENTY-SECOND DEFENSE**

To the extent that Plaintiff was present at the subject hotel with no business relation with Defendant, and Plaintiff's presence provided no mutual benefit to Defendant, then Plaintiff's claims premised upon O.C.G.A. § 51-3-1 or upon Plaintiff having invitee status fail as a matter of law.

**TWENTY-THIRD DEFENSE**

To the extent that Plaintiff was present at the subject hotel for an unlawful purpose, Plaintiff's claims premised upon O.C.G.A. § 51-3-1 or upon Plaintiff having invitee status fail as a matter of law.

**TWENTY-FOURTH DEFENSE**

Plaintiff's knowledge of the nature, tendencies, proclivities and history of Plaintiff's trafficker "Tay" was superior to that of Defendant's knowledge such that her claims for negligence fail as a matter of law

**TWENTY-FIFTH DEFENSE**

The totality of the circumstances relevant to Plaintiff's claims do not establish a reasonable foreseeability of the criminal activity which allegedly led to Plaintiff's injuries or damages sufficient to impose upon Defendant a duty to guard against that criminal activity.

**TWENTY-SIXTH DEFENSE**

Defendant asserts that it neither knew nor should have known that Plaintiff was allegedly trafficked. Defendant had no actual knowledge of any trafficking involving Plaintiff, nor is there evidence from which it reasonably should have known of Plaintiff's alleged trafficking.

**TWENTY-SEVENTH DEFENSE**

Defendant asserts that they did not act with reckless disregard as to any alleged trafficking activities involving Plaintiff. Defendant exercised reasonable oversight and management of the hotel operations and took no actions indicating an indifference to or disregard of trafficking risks. There were no warnings, complaints, or evidence that should have alerted Defendant to any alleged conduct involving force, threats, fraud, or coercion related to the Plaintiff.

**TWENTY-EIGHTH DEFENSE**

In response to the numbered paragraphs of Plaintiff's Complaint, Defendant responds as follows:

**INTRODUCTION**

1.

Defendant admits the allegations in this paragraph of Plaintiff's Complaint.

2.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

3.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

4.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

**PROCEDURAL ISSUES**

5.

Defendant lacks information or knowledge sufficient to allow them to either admit or deny the allegations in this paragraph of Plaintiff's Complaint.

6.

Defendant admits the allegations in this paragraph of Plaintiff's Complaint.

7.

Defendant admits the allegations in this paragraph of Plaintiff's Complaint.

8.

Defendant admits the allegations in this paragraph of Plaintiff's Complaint.

9.

Defendant admits it operates the subject hotel, and it is located in Clayton County. Defendant admits it has not raised a defense as to venue. Defendant denies the remaining allegations in this paragraph of Plaintiff's Complaint.

10.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

11.

Defendant lacks information or knowledge sufficient to allow them to either admit or deny the allegations in this paragraph of Plaintiff's Complaint.

12.

Defendant lacks information or knowledge sufficient to allow them to either admit or deny the allegations in this paragraph of Plaintiff's Complaint.

13.

Defendant lacks information or knowledge sufficient to allow them to either admit or deny the allegations in this paragraph of Plaintiff's Complaint.

**PLAINTIFF IS TRAFFICKED FOR SEX AT THE HOTEL**

14.

Defendant lacks information or knowledge sufficient to allow them to respond to the allegations in this paragraph of Plaintiff's Complaint.

15.

Defendant lacks information or knowledge sufficient to allow them to respond to the allegations in this paragraph of Plaintiff's Complaint.

16.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

17.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

18.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

19.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

20.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

21.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

22.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

23.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint, including its subparagraphs.

24.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

25.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

26.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint. Furthermore, the allegations in this paragraph of Plaintiff's Complaint should be stricken because they are redundant, immaterial, impertinent or scandalous, including "puffing" about sex trafficking and what it is and why it's bad. Such matters have no bearing on issues to be determined in this case and could serve to prejudice Defendants and confuse the facts at issue.

27.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

28.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint. Furthermore, the allegations in this paragraph of Plaintiff's Complaint should be stricken because they are redundant, immaterial, impertinent or scandalous, including "puffing" about sex trafficking and what it is and why it's bad. Such

matters have no bearing on issues to be determined in this case and could serve to prejudice Defendants and confuse the facts at issue.

29.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint. Furthermore, the allegations in this paragraph of Plaintiff's Complaint should be stricken because they are redundant, immaterial, impertinent or scandalous, including "puffing" about sex trafficking and what it is and why it's bad. Such matters have no bearing on issues to be determined in this case and could serve to prejudice Defendants and confuse the facts at issue.

30.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint. Furthermore, the allegations in this paragraph of Plaintiff's Complaint should be stricken because they are redundant, immaterial, impertinent or scandalous, including "puffing" about sex trafficking and what it is and why it's bad. Such matters have no bearing on issues to be determined in this case and could serve to prejudice Defendants and confuse the facts at issue.

31.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint. Furthermore, the allegations in this paragraph of Plaintiff's Complaint should be stricken because they are redundant, immaterial, impertinent or scandalous, including "puffing" about sex trafficking and what it is and why it's bad. Such matters have no bearing on issues to be determined in this case and could serve to prejudice Defendants and confuse the facts at issue.

32.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint. Furthermore, the allegations in this paragraph of Plaintiff's Complaint should be stricken because they are redundant, immaterial, impertinent or scandalous, including "puffing" about sex trafficking and what it is and why it's bad. Such matters have no bearing on issues to be determined in this case and could serve to prejudice Defendants and confuse the facts at issue.

33.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint. Furthermore, the allegations in this paragraph of Plaintiff's Complaint should be stricken because they are redundant, immaterial, impertinent or scandalous, including "puffing" about sex trafficking and what it is and why it's bad. Such matters have no bearing on issues to be determined in this case and could serve to prejudice Defendants and confuse the facts at issue.

34.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

35.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

**COUNT 1: STATE LAW SEX TRAFFICKING CLAIMS PURSUANT TO O.C.G.A. §51-1-56**

36.

Defendant lacks information or knowledge sufficient to allow them to either admit or deny the allegations in this paragraph of Plaintiff's Complaint.

37.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint, including its subparts.

38.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint, including its subparts.

39.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

40.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

**COUNT 2: PREMISES LIABILITY LAW**

41.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

42.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

43.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

44.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint, including its subparts.

45.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

46.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

47.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

48.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

**COUNT 3: NUISANCE LIABILITY LAW**

49.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

50.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

51.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

52.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

**CAUSATION AND DAMAGES**

53.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

54.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

55.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

56.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint, including its subparts.

57.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

58.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

59.

Defendant denies the allegations in this paragraph of Plaintiff's Complaint.

WHEREFORE, Defendants respectfully demand judgment in their favor, all costs, and attorney's fees for defending the action, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of October, 2025.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Elliott C. Ream*

C. Shane Keith
Georgia Bar No. 411317
Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendant*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
skeith@hpylaw.com
eream@hpylaw.com

2025CV06704

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

J.S.

*Plaintiff,*

v.

SHREE LAXMI HOTEL, LLC D/B/A MOTEL 6; TRINITY SNK CORPORATION F/K/A GLOBAL MANAGEMENT & INVESTMENT CORPORATION, and JOHN DOES NOS. 2-5,

*Defendants.*

CIVIL ACTION
FILE NO. 2025CV06704

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2025, filed with the Clerk of Court using the e-filing system a true copy of the foregoing **DEFENDANT SHREE LAXMI HOTEL, LLC ANSWER TO PLAINTIFF'S COMPLAINT** was that same was served on all counsel of record through the e-filing system which gives e-mail notification to all counsel of record for this matter.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Elliott C. Ream*

C. Shane Keith
Georgia Bar No. 411317
Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendant*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
skeith@hpylaw.com
eream@hpylaw.com