# Exhibit K

Consent Motion for Entry of Protective Order Governing Evidence filed in the State Court of Clayton County on October 30, 2025

2025CV06704
e-Filed 10/30/2025 3:42 PM
Tiki Brown
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| J.S.,<br><br>*Plaintiff*,<br><br>v.<br><br>SHREE LAXMI HOTEL, LLC D/B/A MOTEL 6; TRINITY SNK CORPORATION F/K/A GLOBAL MANAGEMENT & INVESTMENT CORPORATION; AND JOHN DOES #2-5,<br><br>*Defendant*. | : | CIVIL ACTION<br>FILE NO.: 2025CV06704 |

**JOINT CONSENT MOTION FOR ENTRY OF A PROTECTIVE ORDER GOVERNING EVIDENCE IN THIS MATTER**

All parties by and through their respective counsel, and pursuant to O.C.G.A. § 9-11-26(c), respectfully submit this Joint Consent Motion for Entry of a Protective Order **which is attached as Exhibit A for the Court's signature**. In support of this request, Plaintiff and Defendants (collectively, the "Parties") show this Honorable Court as follows:

1. Non-party Clayton County Police Department has asserted that certain materials produced or to be produced in this action by the non-party may contain information which the non-party believes is protected from disclosure.

2. Plaintiff's counsel has met with this non-party's representative, conferred, and both are in agreement that a protective order is necessary to govern the disclosure and use of the requested confidential material in this case, and agree as to the appropriate scope of such order. Counsel for Defendants has no objection to such an order being entered in this case.

3. The Parties agree that there is good cause to protect from disclosure of either: (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or O.C.G.A. § 10-1-761(4); (2) personal identifying information such as Social Security numbers; (3) personal financial data, such as profit and loss statements and evidence of a company's financial health; (4) personal health information protected by the Health Insurance Portability and Accountability Act (hereinafter "the criteria" or sometimes "the above criteria"); or (5) proprietary and other confidential information. The Parties thus jointly request that the Court enter the proposed Protective Order attached hereto as Exhibit "A".

4. Furthermore, pursuant to Rule 26(c), Plaintiff moves, and Defendants consent, for this Court to enter the proposed Protective Order submitted herewith as Exhibit A to govern the pre-trial exchange and acquisition of confidential, non-public documents and information produced during the course of this action.

**CONCLUSION**

For the foregoing reasons, the parties request that the Court enter the proposed Protective Order attached as **Exhibit A**.

Consented to this 30th day of October, 2025 by:

*<u>/s/ Keith N. Evra</u>*
Matthew B. Stoddard
Ga. Bar No.: 558215
Keith N. Evra
Ga. Bar No.: 810271
THE STODDARD FIRM
1534 N Decatur Road
Atlanta, GA 30307

*<u>/s/ Elliott C. Ream (w/ep)</u>*
C. Shane Keith, Esq.
Georgia Bar No. 411317
Elliott C. Ream, Esq.
Georgia Bar No. 528281
Hawkins Parnell & Young, LLP
303 Peachtree St. NE., Ste. 4000
Atlanta, GA 30308

P: 470-467-2200
matt@legalhelpga.com
keith@legalhelpga.com
Attorneys for Plaintiff

P: 404-614-7400
skeith@hpylaw.com
eream@hpylaw.com
Attorneys for Defendant

2025CV08704

**CERTIFICATE OF SERVICE**

I CERTIFY that I have served a true and correct copy of the foregoing upon all counsel of record through use of the U.S. Mail, the Odyssey File & Serve system, the PeachCourt File & Serve system, or another statutorily approved method of delivery properly addressed to the following persons:

**Counsel for Defendants**
C. Shane Keith, Esq.
Elliott C. Ream, Esq.
Hawkins Parnell & Young, LLP
303 Peachtree St. NE, Ste. 4000
Atlanta, GA 30308-3243
skeith@hpylaw.com
eream@hpylaw.com

This 30th day of October, 2025.

*/s/ Keith N. Evra*
Keith N. Evra, Esq.

# EXHIBIT A

2025CV06704

**IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| J.S.,<br><br>*Plaintiff*,<br><br>v.<br><br>SHREE LAXMI HOTEL, LLC D/B/A MOTEL 6; TRINITY SNK CORPORATION F/K/A GLOBAL MANAGEMENT & INVESTMENT CORPORATION; AND JOHN DOES #2-5,<br><br>*Defendant*. | : | CIVIL ACTION<br>FILE NO.: 2025CV06704 |

**PROTECTIVE ORDER TO EXPEDITE DISCOVERY**

The Court has been presented with the Protective Order ("this Order"), pursuant to O.C.G.A. § 9-11-26(c) which the Court is entering to expedite the production of discovery materials, facilitate prompt resolution of disputes over the confidentiality of discovery materials, and protect against disclosure of confidential and proprietary information.

IT IS HEREBY ORDERED that the following rules and procedures shall govern the disclosure of information by the Parties and by non-parties in the course of discovery as well as the disclosure of information at hearings and other disclosures prior to trial:

1. This Order affords limited protection to certain materials believed by a party or non-party to be confidential. Neither this Order nor any confidentiality designation made pursuant to this Order constitutes a ruling by this Court that any specific information is, in fact, confidential. Instead, all rulings as to whether any material is, in fact, confidential are reserved and will be ruled upon pursuant to notice and hearing. This Order does, however, provide a framework for the parties and non-parties to expediate discovery while at the same time claiming that certain material is

confidential, and this Order allows the parties and non-parties the ability the to preserve their right to seek further protection of allegedly confidential material until a later date when each party has all the information necessary to prepare appropriate arguments.

2. Any party or non-party seeking protection of this Order (the "Designating Party") may designate as "CONFIDENTIAL" portions of information (including documents, depositions, hearing transcripts, affidavits, etc.) which contain:

a. trade secrets;

b. unpublished financial data, research, technological or business developments;

c. confidential business information and other similar commercially sensitive and proprietary information of a non-public nature which is not known to the competitors of the Designating Party and the release of which would cause harm to the Designating Party;

d. personal financial information;

e. personal identifying information such as social security numbers, driver's license numbers, dates of birth, and tax identification numbers of the Plaintiff, Defendant, Defendant's employees, and any persons who has alleged that he or she is a victim of a sex crime;

f. individually identifiable health information as defined by the Health Insurance Portability and Accountability Act of 1996;

(hereinafter referred to as "the above criteria").

3. To designate Confidential Information for protection under this Order, the Designating Party shall do as follows:

a. <u>Documents and Electronic Files:</u> Stamp the word "CONFIDENTIAL" on each page of the document that contains confidential information unless the document is produced in a native format such as an excel spread sheet in which case the Designating Party shall add the word "CONFIDENTIAL" to the end of the file name and alert the receiving parties that certain native confidential documents are being produced.

2025CV08704

b. Interrogatory Responses: Stamp the word "CONFIDENTIAL" on the page where the confidential responses appear, and by indicating on the cover page of the responses that confidential information is contained in the responses.

c. Transcripts: For deposition testimony or other transcripts, counsel for the deponent, or for a party, may make a statement on the record at the deposition designating a particular question, answer and/or exhibit are confidential. Where such a designation is made, the original and each copy of the designated portions of the deposition transcript, including any exhibits, shall be separately bound and the transcript of the portion designated as Confidential shall bear the marking "CONFIDENTIAL."

4. No one will blanket stamp their production "CONFIDENTIAL" and will instead only mark "CONFIDENTIAL" material that is believed to meet the above criteria. Due to the protection provided in this order, the parties have no need to redact any confidential information from any document in discovery other than to protect a privilege such as the attorney client privilege or work product privilege. Of course, the parties should still follow the redaction rules of Georgia law when filing documentation with the Court.

5. At any time, a party may contest the assertion that any material previously marked as "CONFIDENTIAL" qualifies as meeting one of the above criteria. Pursuant to this Stipulated Protective Order, the contesting party shall notify in writing counsel for the designating party and identify the material that is contested. Upon such written notification, the designating party shall have fifteen (15) days to file a *Motion for a Protective Order* with response to the contested material. So long as a *Motion for a Protective Order* is filed within fifteen (15) days, the confidentiality of the contested material shall be maintained in accordance with this Protective Order until and unless the Court rules that the contested material is not entitled to such protection. If no Motion for a Protective Order is filed within fifteen (15) days, the previously protected material shall no longer be protected and shall no longer be subject to this Confidentiality Order.

2025CV06704

6. A party's attorney may distribute materials protected by this Stipulated Protective Order with the following categories of persons:

a. the Parties in this case and their employees;

b. Former employees, officers, and representatives of a Party, but only as necessary for the prosecution or defense of the instant case;

c. the Parties' attorneys and members of the legal or support staff of the Parties' attorneys including non-employee support staff such as internet technology "IT" persons, investigators, and other similar support staff;

d. the Parties' attorneys off site back up servers;

e. expert consultants and expert witnesses retained by a Party's attorney to assist in the evaluation, preparation, or testimony in the case;

f. the Court, the Court's personnel, witnesses, and the jury as is required at depositions, hearings and trials;

g. Court reporters and other official personnel reasonably required for the preparation of transcripts of testimony or hearings in the case;

h. representative(s) of a Party's insurer(s), including adjusters and claims professionals of an insurer of a Party;

i. a non-party witness in preparation for a deposition;

j. government regulatory agencies..

(hereinafter referred to as "allowed persons").

7. It shall be the responsibility of each Party to this Order to advise the allowed persons to whom Confidential Discovery Materials are made available of the terms of this Order.

8. Allowed Persons to whom access to Confidential Discovery Material(s) is given pursuant to this Order shall keep such materials or information secure in accordance with the purposes and intent of this Order. The parties' attorneys shall make reasonable efforts to ensure that any copies of materials marked "CONFIDENTIAL" that are provided to an expert witnesses,

expert consultants, and non-party witnesses are returned by the expert/witness to the attorneys at the conclusion of the case.

9. If a party wishes to use any Confidential Information, or any papers containing or revealing the nature of the contests of such Confidential Information, in any pleading or document filed with the Court in this case, the party shall file a request seeking leave to file the Confidential Information under seal pursuant to Uniform Superior (or State) Court Rule 21.6(D).

10. Nothing in this Order shall:

a. Limit any party in the introduction of evidence subject to the Designating Party's right to seek further protection from the Court or otherwise object to the admissibility of any evidence;

b. Preclude a party or non-party from seeking additional protection;

c. apply to the disclosure of protected material at trial as the closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. Such issues may be taken up as a separate matter upon motion.

This _____ day of ________________, 2025.

______________________________
HONORABLE TAMMY HAYWARD
Judge, State Court of Clayton County

Cc: All counsel of record

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| J.S., *Plaintiff*, v. SHREE LAXMI HOTEL, LLC D/B/A MOTEL 6; TRINITY SNK CORPORATION F/K/A GLOBAL MANAGEMENT & INVESTMENT CORPORATION; AND JOHN DOES #2-5, *Defendant*. | : | CIVIL ACTION FILE NO.: 2025CV06704 |

**EXHIBIT A:**
**ACKNOWLEDGMENT OF RECEIPT OF ROTRECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND THEREBY**

I, ______________________________________, acknowledge receipt of a copy of the Agreed Protective Order, dated _________________________ (the "Order") and I agree that I will be bound by its terms and provisions; and that I will not reveal the contents of any materials I obtain in connection with this litigation to anyone except the allowed persons. I agree that, if I receive any document marked "CONFIDENTIAL" or otherwise designated as confidential within the terms of the Order, I will not make distributed that information except to allowed persons and only then as is necessary to prosecute my case.

I hereby consent to the personal jurisdiction of this Court regarding any matter related to or arising out of this Order, and I acknowledge that I have read the Order.

SIGNED this ___________ day of __________________________.

________________________
Recipient of Documents