**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.S.,<br>*Plaintiff*,<br>v.<br>Shree Laxmi Hotel, LLC d/b/a Motel 6; Trinity SNK Corporation f/k/a Global Management & Investment Corporation; and John Does #2-5,<br>*Defendants*. | Civil Action File No.<br>1:26-cv-01549-MLB |

# Shree Laxmi Hotel, LLC's and Trinity SNK Corporation's Motion to Dismiss

Defendants Shree Laxmi Hotel and Trinity SNK Corporation move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's negligence claim (Count 2), her state law civil sex trafficking claim (Count 1), and her federal TVPRA beneficiary claim (Count 4) for failure to state a claim upon which relief can be granted.

**Negligence.** Plaintiff's own complaint makes clear that her sole purpose for being present at the Motel 6 located at 628 Southside Commercial Parkway, Jonesboro, Georgia was as part of an unlawful plan to sell sex for money. That she claims to have been the victim in that plan does not change the fundamental character of her presence — and that character is determinative. Because she was not present for any lawful purpose, she was not an invitee. O.C.G.A. § 51-3-1 extends its

protection only to persons induced onto premises for a lawful purpose; the duty Plaintiff invokes does not arise. Plaintiff's complaint is bereft of factual allegations that would support a premises liability claim under any other theory either — it contains no allegation of willful or wanton conduct, which is the only standard applicable to a licensee or trespasser. The negligence claim fails as a matter of law.

**State Law Sex Trafficking.** Georgia's civil sex trafficking statute, O.C.G.A. § 51-1-56.2, did not take effect until July 1, 2021. It is a substantive statute — it creates a new cause of action and new liabilities — and does not permit it to operate retroactively. Plaintiff alleges trafficking from January 1, 2018 through August 1, 2021. More than three and a half years of that period predates the statute and is legally irrelevant. The complaint identifies no specific act occurring within the one-month window the statute actually governs. A claim that cannot identify a single post-effective-date act supporting its elements has not been plausibly pleaded and should be dismissed. At a minimum, the claim must be confined strictly to the July 1–August 1, 2021 period.

**Federal TVPRA.** Federal TVPRA. Plaintiff's federal trafficking claim fails on three independent grounds. First, the Second Amended Complaint does not plausibly allege that Defendants participated in a venture with her trafficker. What the complaint describes is a commercial room-rental relationship -- Tay rented rooms, Defendants collected payment, Defendants observed indicators of criminal activity and

continued renting. The Eleventh Circuit has held, in materially identical circumstances, that this is not participation in a trafficking venture. Observing something is not the same as participating in it. Second, the complaint contains no allegation connecting Defendants' knowledge to this Plaintiff in particular rather than to trafficking conditions at the property generally. The statute requires plaintiff-specific knowledge. The complaint pleads none. Third, for the substantial majority of the alleged trafficking period Plaintiff was an adult, and an adult trafficking claim requires non-conclusory allegations of force, fraud, or coercion. The complaint recites the statutory language and nothing more. That is insufficient as a matter of law.[1]

[1] To the extent any portion of Plaintiff's state law sex trafficking claim (Count 1) survives dismissal on retroactivity grounds -- for example, if the Court limits rather than dismisses the claim -- the surviving portion is subject to dismissal on the same grounds as the federal TVPRA claim. The state and federal beneficiary claims are materially the same: both require knowing financial benefit, participation in a venture, and knowledge that the venture violated the applicable statute as to the plaintiff. There are no reported decisions construing the elements of O.C.G.A. § 51-1-56. The statute mirrors the TVPRA's civil remedy provision, and when the text of a federal statute has been copied into a Georgia statute, federal court decisions construing that text are "strongly persuasive" to Georgia courts. *Superior Pine Prods. Co. v. Williams*, 214 Ga. 485, 491 (1958); *Abrams v. Laughlin*, 304 Ga. 34, 37 (2018). Accordingly, a pleading that fails to state a claim under the TVPRA should likewise fail under O.C.G.A. § 51-1-56. Because the complaint fails to plausibly allege participation in a venture or plaintiff-specific knowledge for the reasons set forth with respect to Count 4, any post-July 1, 2021 state law claim fails for the same reasons and should be dismissed on that independent basis as well.

The grounds for this motion are developed fully in the accompanying Brief in Support, incorporated herein by reference. Defendants do not move to dismiss Count 3 (Nuisance).[2]

---

[2] This motion is filed in lieu of an answer to the Second Amended Complaint. No responsive pleading was filed in state court because Georgia's Civil Practice Act does not require a response to an amended complaint. *See GeorgiaCarry.Org, Inc. v. Code Revision Comm'n*, 299 Ga. 896, 899 (2016) ("A responsive pleading to an amended complaint need not be filed unless such a pleading is required by statute or court order.").

Upon removal of this case to this Court, the Federal Rules now govern. Fed. R. Civ. P. 81(c)(1). And those rules require a response to an Amended Complaint. *See* Fed. R. Civ. P. 12. This Motion is timely filed in lieu of an Answer under Rule 81(c)(2)(C), as the "7 days after the notice of removal is filed" time period stated in that subsection is the longest of the time periods contained in the Rule. This Motion is filed within 7 days of the Notice of Removal's filing.

Although this motion does not address all claims asserted in the Second Amended Complaint — Defendants do not move to dismiss Count 3 (Nuisance) — a partial Rule 12 motion to dismiss, like a motion addressing all counts, tolls the deadline for filing an answer as to the unmoved-on claims as well. *See Williams v. Vensure Emp'r Servs., Inc.*, No. 1:24-CV-05516-ELR-JEM, 2025 U.S. Dist. LEXIS 86200, at *3 (N.D. Ga. May 6, 2025) (collecting cases).

Finally, Defendants did not file a motion to dismiss in state court. Georgia courts apply a more liberal pleading standard under which a motion to dismiss is properly granted only when the plaintiff "would not be entitled to relief under *any state of provable facts* asserted in support of the allegations in the complaint." *Collins v. Athens Orthopedic Clinic, P.A.*, 307 Ga. 555, 560 (2019) (emphasis added, quotation and citation omitted). Under that standard, a complaint need only provide "a short and plain statement of the claim that will give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details." *Dillingham v. Doctors Clinic, P.A.*, 236 Ga. 302, 303 (1976).

The Second Amended Complaint supersedes all prior ones and is now the operative pleading in this case. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). This is therefore Defendants' first opportunity to test the sufficiency of Plaintiff's allegations under the federal plausibility standard, which now governs. Under that standard, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *AIKG, LLC v. Cincinnati Ins. Co.*, No. 21-13506, 2022 U.S. App. LEXIS 17282, at *4 (11th Cir. June 23,

Respectfully submitted, this 30th day of March 2026.

**Hawkins Parnell & Young, LLP**

/s/ C. Shane Keith
C. Shane Keith
Georgia Bar No. 411317
Robert S. Thompson
Georgia Bar No. 709650
*Counsel for Defendants Shree Laxmi Hotel, LLC and Trinity SNK Corporation*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
skeith@hpylaw.com
rthompson@hpylaw.com

**Certificate of Service**

I hereby certify that on this 30th day of March 2026, my office electronically filed the foregoing *Motion to Dismiss* and the accompanying *Brief in Support* with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

**Hawkins Parnell & Young, LLP**

/s/ C. Shane Keith
C. Shane Keith
Georgia Bar No. 411317

2022). As set forth in this Motion and the accompanying Brief, the Second Amended Complaint does not meet that standard as to Counts 1, 2, and 4.