**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.S.<br><br>*Plaintiff*,<br><br>v.<br><br>SHREE LAXMI HOTEL, LLC D/B/A MOTEL 6; TRINITY SNK CORPORATION F/K/A GLOBAL MANAGEMENT & INVESTMENT CORPORATION; AND JOHN DOES # 2-5<br><br>*Defendants*. | CIVIL ACTION<br>FILE NO. 1:26-cv-01549-MLB |

**<u>DEFENDANTS' INITIAL DISCLOSURES</u>**

**COME NOW**, **Shree Laxmi Hotel, LLC d/b/a Motel 6** and **Trinity SNK Corporation f/k/a Global Management & Investment Corporation** ("Defendants") Defendants in the above-styled action, and, pursuant to Fed. R. Civ. P. 26 and Local Rule 26.1 of the United States District Court for the Northern District of Georgia, submit the following Initial Disclosures:

**1. If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended Summons and Complaint reflecting the information furnished in this disclosure response.**

Defendants state that their corporate names are correctly spelled in the style of the Complaint, though Defendants deny they are liable to Plaintiff as alleged in her Complaint.

**2. Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the names for Defendant's contention.**

It is Defendants' position that Plaintiff's alleged traffickers, including a third-party identified as "Tay", may be necessary parties to this action. Pending further discovery, other unknown owners, occupiers and operators of property(ies), such as other hotels, where Plaintiff was allegedly subjected to sex trafficking during the time period of her allegations in the Complaint may be necessary parties. Additionally, it is Defendants' position that O.C.G.A § 51-12-33 should apply to this action and Defendants reserve the right to name non-parties to whom the jury may apportion fault for the damages sought herein, should that become appropriate during discovery. Defendants' investigation into this matter and the claims asserted by Plaintiff is presently at its earliest stage, remains ongoing, and Defendants reserve the right to supplement or amend these responses.

**3. Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by Defendant in the responsive pleading.**

Defendants have not yet filed an Answer to Plaintiff's Second Amended Complaint or proposed Third Amended Complaint. However, Defendants have filed a Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim. Defendants incorporate by reference the facts set forth in their Brief in Support of Motion to Dismiss [Document 6-1 Filed 03/30/26} at pp 1-4.

In addition, Defendants state that Defendant Shree Laxmi Hotel, LLC owned and operated the Motel 6 located at 628 Southside Commercial Parkway, Jonesboro, Georgia during the period alleged in the Complaint. All hotel employees were employees of Shree Laxmi. Defendant Trinity SNK Corporation f/k/a Global Management & Investment Corporation provided certain services to Shree Laxmi

pursuant to a Management Agreement but was not the manager of the hotel and denies the characterization of its role as set forth in the Complaint.

Plaintiff alleges that she was trafficked for sex at the property by a third party identified as "Tay" and his associates during a period from approximately January 1, 2018 through August 1, 2021. Plaintiff further alleges that her traffickers rented rooms at the property during that period and that Defendants were aware, or should have been aware, of alleged indicators of criminal activity on the premises. Defendants deny that they participated in, assisted, or had any knowledge of any trafficking of Plaintiff, and deny that they had any relationship with Plaintiff or her alleged traffickers.

Defendants will amend this response as necessary.

**4. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends is applicable to this action.**

U.S. Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591, 1595, may apply. O.C.G.A. § 51-3-1 may apply. O.C.G.A. § 51-3-3 may apply. O.C.G.A. § 51-1-56 may apply. *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021); *K.H. v. Riti, Inc.*, No. 23-11682, 2024 U.S. App. LEXIS 3127 (11th Cir. Feb. 9, 2024) (*unpub.*); *G.W. v. Northbrook Indus., Inc.*, 739 F. Supp. 3d 1243, 1252-54 (N.D. Ga. 2024); *Radheshvar, LLC v. Larios*, __ Ga. App. __, 2026 Ga. App. LEXIS 76, at *4 (Ga. Ct. App. Feb. 10, 2026); *Doe (K.B.) v. G6 Hosp., LLC*, 2023 U.S. Dist. LEXIS 222360, at *37 (N.D. Ga. Dec. 14, 2023); *Doe (S.J.C.) v. ESA P Portfolio LLC*, 2024 U.S. Dist. LEXIS 207479, at *8 (N.D. Ga. Nov. 15, 2024); *A.G. v. Northbrook Indus., Inc.*, No. 1:20-cv-05231-JPB, slip op. at 13 (N.D. Ga. June 14, 2024); *Doe (S.J.C.) v. ESA P Portfolio LLC*, 2024 U.S. Dist. LEXIS 207479, at *8 (N.D. Ga. Nov. 15, 2024); *A.G. v. Northbrook Indus.*, Nos. 25-10816, 25-10829, 24-13294, 2026 U.S. App. LEXIS 9155, at *19 (11th Cir. Mar. 30, 2026).

**5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.**

Defendants' investigation into this matter and the claims asserted by Plaintiff are in very early stages, are ongoing and Defendants reserve the right to supplement or amend these responses. At this juncture:

a) Plaintiff herself is likely to have relevant information concerning the facts and circumstances underlying her Complaint;

b) Plaintiff's alleged trafficker "Tay" may have relevant information concerning the facts and circumstances underlying Plaintiff's Complaint;

c) Plaintiff's associates, friends or family members may have relevant information concerning the facts and circumstances underlying Plaintiff's Complaint;

d) Any fact witnesses identified by Plaintiff;

e) Harshad "Harry" Patel of Defendant Shree Laxmi Hotel, LLC d/b/a Motel 6 who may be contacted through undersigned counsel, may have relevant information concerning hotel operations at the Motel 6;

f) One or more individuals with Trinity SNK Corporation f/k/a Global Management & Investment Corporation, who may only be contacted through counsel, may have relevant information as to the relationship with Shree Laxmi Hotel, LLC d/b/a Motel 6 and any related matters under the management agreement between the two Defendants;

g) One or more individuals who worked for Defendants, during said time period may potentially have information concerning hotel

operations during the period of time Plaintiff alleges she was trafficked:

h) Plaintiff's treating physicians and witnesses identified by Plaintiff as expected to offer any expert opinions on causation, diagnosis and prognosis for Plaintiff;

i) Witnesses needed for impeachment based upon the evidence adduced in discovery.

**6. Provide the name of any person who may be used at trial to present evidence under Rules 702; 703; or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Defendants have not yet determined if the services of an expert witness will be used in this matter. Defendants will supplement this response in accordance with the Scheduling Order, Local Rules and F.R.C.P. 26 if and when an expert(s) is identified.

**7. Provide a copy of, or description by category and location of, all documents, data, compilations, and tangible things in your possession, custody or control that are relevant to disputed facts alleged with particularity in the pleadings.**

Without waiving any privilege objections that may attach to the documents in the care custody or control of Defendants, Defendants hereby identify:

- Franchise Agreement between Accor Franchising North America, LLC and Shree Laxmi Hotel, LLC
- Management Agreement between Trinity SNK Corporation f/k/a Global Management & Investment Corporation and Shree Laxmi Hotel, LLC d/b/a Motel 6
- Employee Handbook for Shree Laxmi Hotel, LLC

- Training Documents, including from "Room Next Door"
- Motel 6 Brand Standards
- Motel 6 Brand Standards Assessments
- Do Not Rent Lists
- Amended and Restated Operating Agreement of Shree Laxmi Hotel, LLC
- List of employees
- Room Map

Defendants' investigation into this matter and the claims asserted by Plaintiff are ongoing and Defendants reserve the right to supplement or amend these responses, or to identify additional documents.

**8. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or description by category and location of the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary materials available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to this Initial Disclosure as Attachment "D".)**

Defendants have not asserted a claim for damages in this matter.

**9. If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Please see Response to No. 2 above.

**10. Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to this Initial Disclosure as Attachment "E".)**

Defendants have provided copies of the known and believed-to-be applicable insurance policies to counsel of record for Plaintiff in this matter.

Respectfully submitted this 4th day of May 2026.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
Robert S. Thompson
Georgia Bar No. 709650
skeith@hpylaw.com
rthompson@hpylaw.com

303 Peachtree Street, N.E
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(855) 889-4588 (facsimile)
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I certify that on May 4th, 2026, I filed the foregoing **Defendants' Initial Disclosures** with the Clerk of Court using the EM/ECF system which will send e-mail notification of such filing to all registered counsel of record for this matter.

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317