**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.S.,<br>*Plaintiff,*<br>v.<br>Shree Laxmi Hotel, LLC d/b/a Motel 6; Trinity SNK Corporation f/k/a Global Management & Investment Corporation; and John Does #2-5,<br>*Defendants.* | Civil Action File No.<br>1:26-cv-01549-MLB |

# Defendants' Response to Plaintiff's Notice of Supplemental Authority

## Introduction

Plaintiff's Notice offers a non-binding district-court order and asks the Court to read it as validating the Second Amended Complaint. It does the opposite. *D.B. v. MNSS Investment, LLC* applies the same standard Defendants have urged—that renting rooms to a trafficker, even with knowledge, is not participation in a venture, and that "something more" is required—and denied dismissal only because the complaint there pleaded described, individualized conduct that this Second Amended Complaint does not. The Notice closes that gap by quoting two conclusory subparts

of paragraph 52c and equating them with the *D.B.* court's fact-specific findings. The equation does not hold.

## ARGUMENT

### *I.* *D.B.* is not binding, and it applies the very standard that requires dismissal.

*D.B.* is an unreported Rule 12 ruling on a different pleading. It does not alter the law of this Circuit, which is *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021), and *A.G. v. Northbrook Indus.*, 171 F.4th 1257 (11th Cir. 2026).

And it applies that law in Defendants' favor: it holds that "merely renting a hotel room to a trafficker, even with actual or constructive knowledge of the trafficking, does not constitute participation in a 'venture,'" and that "something more than engaging in an ordinary buyer-seller transaction is required." *D.B. v. MNSS Inv., LLC*, No. 1:25-cv-05330-ELR, slip op. at pp. 6-7 (N.D. Ga. Aug. 18, 2026) (Doc. 18-1).

That is Defendants' position. The Notice therefore raises only a factual question: whether this Second Amended Complaint pleads the "something more" that the *D.B.* complaint did. It does not.

## II. *D.B.* rested on described conduct the Second Amended Complaint does not allege.

The *D.B.* court denied dismissal on two concrete allegations. First, the plaintiff alleged that she repeatedly accompanied her trafficker to the front desk, greeted the clerk each time, and the hotel security was so familiar with the trafficker that they shared cigarettes and conversed with him during the trafficking. Second, D.B. alleged that the hotel rented her trafficker rooms "on the ground floor and in the back of the hotel to aid his sex trafficking of Plaintiff." *D.B.*, slip op. at pp. 7-8 (Doc. 18-1 at pp. 7-8). From that combined conduct, the court found that the complaint plausibly alleged that the hotel "provided personalized support to [the trafficker's] trafficking operation." *Id*. at 8.

### A. <u>The general friendliness alleged here is much different than that alleged in *D.B.*</u>

Start with the interaction the *D.B.* court described — the repeated front-desk visits, the personal greeting delivered by the plaintiff each time she accompanied her trafficker to the front desk, and the cigarettes and "jovial conversations" shared between the trafficker and hotel security employees during the trafficking. (*D.B.*, slip op. at pp. 7-8.) In *D.B.* the hotel's friendliness was a set of observed and specifically identified acts, not a characterization. The Second Amended Complaint alleges nothing like it.

Paragraph 52c(iv) — the allegation the Notice invokes (Doc. 18 at 1 n.1) — states only that "Defendants' employees knew and were friendly with Tay and his associates, including the front desk employees." It names no employee, describes no interaction, identifies no occasion, and alleges no act. Where *D.B.* alleged specific acts from which the court could infer that the hotel was friendly with the trafficker, the pleading here inverts that. It asserts the friendliness and asks the Court to presume the acts. "Friendly," untethered to any act, occasion, or actor, is a characterization, not a fact. And the Court need not accept it as true. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (in evaluating the sufficiency of a complaint, the courts "are not required to draw plaintiff's inference"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even credited, it is the "general friendliness toward" and "awareness of sex trafficking" that *A.G. v. Northbrook* holds "is not enough to establish 'participation in a venture.'" *A.G. v. Northbrook*, 171 F.4th at 1271. Observing and knowing a trafficker is not joining his venture.

B. **<u>The back-room allegation is a conclusion that must be stripped.</u>**

Turn next to the room placement. Paragraph 52c(v) alleges that Defendants "purposefully rented rooms to Tay and his associates that were on the backside of the property, to allow for

more privacy and easier access and to make it more difficult for police to determine the illicit activity." (Doc. 1-13 at 16, ¶ 52c(v).) One fact is pleaded: Tay was rented rooms at the back of the property. The rest is attributed purpose — that the placement was "purposeful," that it was "to allow for more privacy," "easier access," and "to make it more difficult for police."

Precision matters, because it is not only the police-evasion clause that must be set aside. The complaint pleads no fact supporting *any* of the attributed purposes, not the innocuous ones and not the damning one. It does not allege that Tay requested a back room, that the hotel assigned it for any reason connected to his activity, or that the placement differed in any way from how the hotel houses other guests. Absent those facts, "more privacy," "easier access," and "to make it more difficult for police" are equally conclusory and equally stripped. *See Sinaltrainal*, 578 F.3d at 1260 ("unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations" (citation and quotation omitted)). Attaching a purpose to conduct without facts that make the purpose plausible is what *Iqbal* forbids. *See McCullough v. Finley*, 907 F.3d 1324, 1333, 27 Fla. L. Weekly Fed. C 1496 (11th Cir. 2018) ("We identify conclusory allegations and then discard them—not 'on the ground that they are

unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" (citing *Iqbal*, 556 U.S. at 681)).

That is the line *A.G. v. Northbrook* draws. In its C.B. analysis, room placement was "something more" only because concrete evidence showed the hotel applied its policies to the specific trafficker — former employees testified that sex offenders were routinely placed in that area and that the hotel moved the trafficker there, and the trafficker instructed staff not to clean his second room and no one did. *A.G. v. Northbrook*, 171 F.4th at 1272. Placement standing alone, was insufficient.

The Second Amended Complaint pleads placement standing alone, dressed in a purpose it never supports. Strip the dress, and what is left — a back-of-property room — is precisely what *A.G. v. Northbrook* says is not enough.

### C. Read as a whole and stripped of its conclusions, the pleading alleges nothing *A.G. v. Northbrook* treats as participation.

Plaintiff asks the Court to read her allegations holistically. (Doc. 9 at p. 13.) *A.G. v. Northbrook* reads them that way too: it credits general friendliness and awareness only "in tandem with" concrete conduct, 171 F.4th at 1271, and it credits room placement

only where evidence shows a policy was applied to the specific trafficker, *id.* at 1272. But a holistic reading under *Iqbal* begins by setting the conclusions aside; the Court weighs the well-pleaded facts as a whole, not the labels. *Iqbal*, 556 U.S. at 678–79.

If the Court does that here, the result is simple. Subparts (iv) and (v) — the only two allegations the Notice invokes — reduce, after *Iqbal*, to this: hotel employees were "friendly" with Tay, and Tay was given rooms on the backside of the property. That is the whole of it. Set beside *D.B.*'s repeated front-desk visits, the greetings, the shared cigarettes, the jovial talks with security, and the rooms rented "to aid his sex trafficking," and beside *A.G. v. Northbrook*'s lockout-readmission calls and applied room-placement policies, the Second Amended Complaint reduces to nothing comparable. Two insufficiencies, viewed together, with no "something more" to bind them, do not become participation. The Notice's own comparison, followed through, is the reason the TVPRA claim fails.

**<u>Conclusion</u>**

On the two allegations the Notice raises, *D.B.* does not close the gap; it highlights it. The Second Amended Complaint does not

plausibly allege that Defendants participated in a venture, and the Motion to Dismiss should be granted.

Respectfully submitted, this 28th day of August 2026.

**Hawkins Parnell & Young, LLP**

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
Robert S. Thompson
Georgia Bar No. 709650
*Counsel for Defendants Shree Laxmi Hotel, LLC and Trinity SNK Corporation*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(855) 889-4588 (facsimile)
skeith@hpylaw.com
rthompson@hpylaw.com

## Certificate of Compliance

Pursuant to Local Rules 5.1(C) and 7.1(D), N.D. Ga., the undersigned counsel certifies that the foregoing *Defendants' Response to Plaintiff's Notice of Supplemental Authority* has been prepared in Book Antiqua, 13-point font.

**Hawkins Parnell & Young, LLP**

/s/ C. Shane Keith
C. Shane Keith
Georgia Bar No. 411317

## Certificate of Service

I hereby certify that on this 28th day of August 2026, my office electronically filed the foregoing *Defendants' Response to Plaintiff's Notice of Supplemental Authority* with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

**Hawkins Parnell & Young, LLP**

/s/ C. Shane Keith
C. Shane Keith
Georgia Bar No. 411317